## KELLER et v WEISS et

Ohio Appeals, 1st Dist, Hamilton Co
No 3483. Decided Nov 4, 1929

George B. Goodhart and J. A. Scanlon, Cincinnati, for Keller.

Wm. H. Mortashed and Kelley & Remke, Cincinnati, for Weiss.

ROSS, J.

**HAMILTON, J.**

In this error proceeding, some question is made of the insufficiency of the separate finding of fact and conclusions of law by the trial court. However, since the case is here on error with a full bill of exceptions containing all the evidence taken below, we do not consider this complaint important.

Two questions remain. The first is whether or not the defendants have obstructed the means of ingress and egress to plaintiff's property. The question is not stressed here, and we doubt if it could be seriously considered in view of the evidence showing the new roadway established in 1910, as above adverted to. The court was fully justified in finding that the plaintiffs failed in the proof on this question.

The remaining question goes to the ownership of the 1-16|100 acres. The evidence discloses that the land of the plaintiffs, described in the petition, and the lands of the defendants join. The trouble arises over the description in the deeds to the respective tracts of land by courses and distances.

The Weiss deed, if limited to the distances named in the deed would not include the 1-16|100 acres in controversy, while the Keller deed in accordance with the measurements as to distances would include the 1-16|100 acres. However, there is evidence of a stone, which it is claimed was set at the corner of the two properties. It is the law that monuments control courses and distances. If the stone mentioned in the evidence was set as the corner of the two properties, then the 1-16|100 acres would be included in the Weiss lands.

Plaintiffs deny that this stone is the corner stone, but claim it to be merely a field stone. However, there is strong evidence, given by Houston Coates, a deputy county surveyor, who surveyed the properties, that the stone is a monument. In his testimony he states that a survey was made by D. S. Hosbrook in 1873, that the Hosbrook survey gave a stone as the northwest corner of the Weiss property. Coates stated he found the stone mentioned in the Hosbrook survey, and details the steps he took to verify the Hosbrook survey. This is strong evidence that the stone was a monument, marking the northeast corner of the Keller property and the northwest corner of the Weiss property. This would control over the measurements set forth in the Weiss deed, which would bring the line short of the stone. This would also control the measurements in the Keller deed which would extend beyond the stone. Moreover, the Weisses set up the defense of adverse possession for more than 21 years.

There is testimony of an old rail fence running on the line to the stone in question for many years. There is evidence of the establishment of the line as heretofore stated by the Hosbrook survey in 1873. There is evidence that the land in dispute had been used by the defendants for 22 years. There is also evidence that the Weisses had cultivated the strip of ground continuously for 26 years. The plaintiffs offer no evidence to the contrary.

We have stated this much of the evidence to show that the trial court could well find from the evidence that the plaintiffs and cross-petitioners, had failed to prove the blocking of the ingress and egress to their land, and had failed to prove the wrongful seizure and retention of the 1-16|100 acres of land.

Since this court cannot disturb the judgment unless manifestly against the weight of the evidence, the judgment of the trial court will be affirmed.

Cushing, PJ., and Ross, J., concur.