**BAKER, Plaintiff-Appellee, v. ALL STATES LIFE INSURANCE CO., Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4382. Decided March 30, 1950.

O. C. Ingalls, Gene A. Jones, Columbus, for plaintiff-appellee.

Isadore Topper, R. Brooke Alloway, Columbus, for defendant-appellant.

## OPINION

By WISEMAN, J.

This is an appeal on questions of law from the Municipal Court of the City of Columbus which rendered judgment in favor of the plaintiff in amount of $500.00.

The action is one in which the plaintiff seeks to recover under the double indemnity provision of a policy of life insurance issued by the defendant on the life of the plaintiff's insured.

We have experienced considerable difficulty in determining on what theory this case was tried and decided. On the day of trial an extended discussion took place between counsel and the Court as to the nature of the cause of action and the theory on which this case should be presented. The trial Court took the position that the action sounded in contract on the policy. Counsel for the plaintiff took the position that the action sounded in tort; that the action was not based on the policy of insurance but was based upon fraud in the inducement in the procuring of the release. Also, counsel for the plaintiff contended that the right of recovery on the original contract was extinguished and that a new contract arose between the parties which formed the basis for the suit. In the oral argument before this Court counsel for the plaintiff took the same position. From the beginning counsel for the defendant insisted that this was an action for damages based on deceit.

Plaintiff in his petition alleges that his wife, Annabel S. Baker, was insured in defendant's company; that he was named as beneficiary in said policy, and that the policy of insurance provided for double indemnity if the insured sustained bodily injury directly and solely through external, violent, and accidental means resulting in the death of the insured. Plaintiff further alleges that on the eighth day of March, 1947, Annabel S. Baker suffered an accidental injury in that she suffered burns on the body surface and that as a direct and proximate result of said burns said Annabel S. Baker died on the first day of April, 1947. Plaintiff alleges full compliance with the terms of the policy relative to giving notice and demand for payment. Plaintiff further alleges that the defendant admitted liability under the policy and tendered the principal sum of the policy in the amount of $500.00, but withheld the additional benefit of $500.00 payable under the double indemnity clause. Plaintiff further alleges that he advised defendant that the Metropolitan Life Insurance Company had promised to pay additional benefits on a policy that was held in that company, whereupon defendant stated that if the Metropolitan paid the additional benefits on its policy, the defendant would also pay plaintiff the additional $500.00. The plaintiff alleges that the Metropolitan Life Insurance Company did pay to the plaintiff the additional benefits on its policy and so advised the defendant, but the defendant refused to pay. The plaintiff further alleges that:

"Acting upon said representations that the additional benefits would be paid if Metropolitan paid, plaintiff surrendered Policy No. 517770 to the defendant and accepted the principal sum of Five hundred dollars ($500.00) and at the same time executed a release to the defendant. * * * Plaintiff alleges that on the 23rd day of April, 1947, the defendant represented to the plaintiff that if the Metropolitan Life Insurance Company paid to the plaintiff the amount as shown in their policy for death by accidental means, that the defendant would pay the Five hundred dollars ($500.00) additional benefits, that said representations were false and known by the defendant to be false and were made by it with the intention to deceive the plaintiff and to induce the plaintiff to execute a complete release to his damage. That because of the former good business relations between the parties the plaintiff had a right to rely upon said representations as being true and did so rely and execute the release and surrender the policy; that in reliance upon said representations, that defendant would pay if the Metropolitan paid, plaintiffs surrendered the insurance policy, executed a complete release of all claims whatsoever; that because of plaintiff's reliance on said representations, knowingly and intentionally made and the falsity thereof, plaintiff sustained damages in the sum of Five hundred dollars ($500.00) with interest from the first day of May, 1947.

"WHEREFORE, plaintiff prays judgment against the defendant for the sum of Five hundred dollars ($500.00) with interest from the first day of May, 1947."

To this petition the defendant filed an answer admitting that the contract of insurance contained a clause providing for the payment of additional benefits if death was caused by accidental means. The defendant admitted that it paid to the plaintiff the sum of five hundred dollars and that upon such payment the plaintiff surrendered to the defendant the policy of insurance and executed a release to the defendant, which release defendant alleges was executed by said plaintiff as his free act and deed and with his full knowledge of the circumstances and the effect of said release, and that said release was read by said plaintiff before it was executed. Further answering, the defendant denies each and every other material allegation contained in the petition.

At the time of trial it was stipulated between the parties

"That Annabel Baker, wife of Walter E. Baker, the plaintiff herein, died on April first, 1947; that the immediate cause

of her death was a sudden massive uterine hemorrhage, superimposed by burns over 65% of her body, and burns of third degree over 55% of her body, the burns being the proximate cause of the decedent's death. The burns were incurred while the decedent was attempting to ignite a fire with kerosene."

Evidence was taken on the matter of the execution of the release by the plaintiff and the payment of $500.00 by the defendant. The evidence showed that the Metropolitan Life Insurance Company did pay the plaintiff double indemnity under a policy issued on the life of Annabel S. Baker. The plaintiff was examined in chief and cross-examined at length relative to the conversation which took place between the plaintiff and the agent of the defendant at the time the plaintiff executed a complete release and received the check for the principal sum of the policy in the amount of $500.00. The testimony of the plaintiff, when given the most favorable construction, tends to support the allegations in his petition with respect to the alleged representations made by the defendant's agent. The agent for the defendant testified that he informed the plaintiff that the defendant company denied any liability under the double indemnity clause of the policy and that the defendant company would pay only the principal sum of the policy upon the surrender of the policy and the execution of a complete release. The agent of the defendant company also testified that after he had made this statement the plaintiff surrendered the policy, executed the release and received the check which was tendered in the principal sum of the policy. The agent of the defendant company denied making any statement or promise to the plaintiff that his company would pay the double indemnity if the Metropolitan Life Insurance Company paid a double indemnity under its policy.

Upon the request of counsel for the defendant the court rendered a separate findings of fact and conclusions of law. The findings of fact are as follows:

"A contract of insurance on the life of Annabelle Baker in the amount of $500.00 and containing a double indemnity provision in the case of accidental death was issued by the defendant, All States Life Insurance Company, naming plaintiff, Walter E. Baker, husband of the decedent as beneficiary.

"A release was signed by the plaintiff beneficiary, Walter E. Baker, upon the death of his wife, Annabelle Baker, with the office manager, Mr. C. W. Schroeder, of the defendant,

All States Life Insurance Company, upon the payment by check in the amount of $500.00 and other representations made by Mr. C. W. Schroeder."

This statement constitutes the full and complete findings of fact of the trial court. The conclusions of law consisted of numerous quotations from Ohio Jurisprudence, American Jurisprudence, and Ruling Case Law and two cases cited on abstract principles of law. The court rendered judgment for the plaintiff in the amount of $500.00. The defendant filed a motion for new trial which was overruled and judgment was again entered.

The defendant-appellant has assigned as error: That the purported findings of fact and conclusions of law do not support the judgment, either on the theory of tort or contract; that the purported findings of fact and conclusions of law are not sufficiently clear to constitute a substantial compliance with §11421-2 GC; that the judgment is contrary to law, is contrary to the manifest weight of the evidence and is not supported by sufficient evidence; that the trial court erred in overruling the motion of defendant for finding in its favor at the close of all the evidence; that the trial court erred in the admission and exclusion of evidence.

The defendant-appellant contends that the findings of fact and conclusions of law do not support the judgment in favor of the plaintiff, either on the theory of tort or contract, and that said findings of fact and conclusions of law are not sufficiently clear to constitute a substantial compliance with §11421-2 GC. Without question, the separate findings of fact fail to respond to all of the material issues in the case, and are not a substantial compliance with the provision of §11421-2 GC. The findings of fact are insufficient to support the judgment either on the theory of tort or contract.

The general rule is that where the findings of fact do not support the judgment a reversal will be ordered. However, a different rule obtains where the findings of fact are so incomplete that the reviewing court is unable to determine the factual basis for the judgment. The court is always required to give that construction to the findings which would support the judgment, if possible, but where the court, after applying that principle, is still in doubt as to the grounds on which the judgment is founded, it has been held that in the exercise of a sound discretion the reviewing court will remand the case to the trial court for a specific findings of facts on all the determinative issues in the case. **Peter v. The Union Manufacturing Company, 56 Oh St 181, 207, 43**

N. E. 683. But where a complete bill of exceptions is presented to the reviewing court, which is the situation here, it would serve no useful purpose to remand the case to the trial court for a specific findings of facts if, upon examination of the bill of exceptions, the reviewing court cannot find any legal basis for the judgment. In the instant case, the facts relative to the manner in which the plaintiff's decedent sustained the injury which resulted in her death were stipulated. The facts on this determinative issue are not in dispute. If the reviewing court, after construing the evidence most favorably to the appellee on all the determinative issues in the case, finds that a judgment for the appellee cannot be supported, it will not remand the case, but will proceed to determine the issues raised. We are required to examine the bill of exceptions to determine whether a judgment for the appellee can be supported upon any aspect of the case. See **Levi v. Daniels, 22 Oh St 38; Grant v. City Trust and Savings Bank, 26 Abs. 227, 46 N. E. (2d) 453; Keller v. Weiss, 8 Abs 218, Vol. 2 O. Jur., Part 2, page 1610, Section 847.**

The appellant contends that whether the action sounds in contract or in tort, the plaintiff is required to show that he returned or tendered the money which he received at the time the release was executed. The evidence in this case does not show that the plaintiff returned to the defendant, or tendered, the amount which he received under the policy. In actions ex contractu the general rule is stated in **Manhattan Life Insurance Company v. Burke, 69 Oh St 294, 70 N. E. 74,** and in actions ex delicto the general rule is stated in **Picklesimer v. The B. & O. Rd. Company, 151 Oh St 1, 84 N. E. (2d)** 214. The general rule is to the effect that where a dispute exists between the parties as to liability and an amount less than the claim is paid to the claimant in settlement of the controversy and he executes a full acquittance and release, an action on the contract or in tort may not be maintained by the claimant without returning or tendering the consideration he received under the compromise agreement. However, there are exceptions to the general rule. In Manhattan Life Insurance Company v. Burke, supra, on page 303, the court, in discussing the exceptions to the general rule, held:

"One is that restoration is not necessary where the money received by the party was due him in any event and if returned could be recovered back. **Bebout v. Bodle, 38 Oh St, 500,** may be referred to as illustrative."

The court then discussed the question which was presented in Bebout v. Bodle and on page 303 states:

"But the district court held, and this court held, that such payment back was not necessary, as, in any event, the principal maker owed the debt, and all of it. Of course the payment back would have been the doing of a vain thing, inasmuch as the plaintiff was admittedly entitled to the interest paid, whether by virtue of the settlement, or by the principal maker's original liability, which liability was in no way impaired. The law does not require an idle ceremony."

In Bebout v. Bodle the court, on page 504, held:

"It is further urged that in order to enable plaintiff to repudiate the contract she was bound to refund to William the money paid as its consideration, or at least to tender it back. This cannot be true. This sum, which was the interest covering the period of extension, during which the principal remained actually unpaid, was due to the plaintiff from William, irrespective of the question whether the agreement was valid or invalid. We can see no reason why plaintiff should be compelled to pay to this defendant money which was her own in either event, and to which he could not, in any aspect of the case, be entitled."

In **National Fire Ins. Co. v. Wagner, et al., 23 Abs 369,** this Court, in discussing this question, on page 375 held:

"Since the defendant owed the plaintiff that amount of money for which settlement was effected on the basis of partial loss, defendant was not required to tender back when this action was instituted. **Bebout v. Bodle, 38 Oh St 500; Kelley, et al. v. Hazzard, et al., 96 Oh St 19.** The trial court was not in error when it held against defendant on this claim."

In the case at bar it is admitted that the defendant company was liable to the plaintiff for the principal sum of the policy in the amount of $500.00, which it paid. This amount was due the plaintiff under the policy in any event and if returned could be recovered. The $500.00 was not paid in settlement of a compromise relative to the liability of the defendant company under the double indemnity provision of the policy. Under the facts in this case a return of the $500.00 or a tender of that amount was not a necessary prerequisite to the recovery.

Because of the nature of the pleadings and the character of the evidence presented and the judgment of the court thereon, together with the errors assigned, it becomes necessary for this Court to consider whether the judgment can be supported on any one of the three theories advanced.

If the action sounds in contract and is based on the provision of the policy with respect to the payment of double indemnity for death caused by accidental means the plaintiff would be required to prove that the release was executed by reason of the fraud of the defendant's agent and that death was caused by accidental means.

If the case sounds in tort and is considered an action for damages based on deceit, the plaintiff would be required to prove all the elements of deceit and that death was caused by accidental means.

There was evidence presented tending to prove the charge of fraud alleged in plaintiff's petition. On this aspect of the case this Court cannot say that the allegations in the petition herein are not supported by sufficient evidence.

Counsel for the plaintiff has contended that a new contract arose between the parties which forms the basis of the suit; that at the time the plaintiff received the principal sum of the policy and executed the complete release a new contract was entered into whereby the defendant promised to pay the plaintiff the double indemnity if the Metropolitan Life Insurance Company paid a double indemnity on its policy. The evidence shows that the Metropolitan Life Insurance Company did pay to the plaintiff the double indemnity on its policy. In brief, counsel for the plaintiff contends that a novation took place. A novation may be defined as the substitution of a new obligation for an old one, which is thereby extinguished. A novation may arise where the debtor and creditor remain the same but a new debt takes the place of an old one. There must always be a debt, once existing and now cancelled, to serve as a consideration for the new liability. In order to give a right of action on the new obligation there must be an extinguishment of the original debt. In order to recover upon this theory of the case the plaintiff would be required to prove not only that an obligation existed between the plaintiff and the defendant which was extinguished, but, also, that the parties at the time the novation took place intended to effect a novation and both parties consented thereto. The release of the old obligation is a sufficient consideration for the new promise. **Bacon v. Daniels, 37 Oh St 279.** For the elements of novation see Bouvier's Law Dictionary, Baldwin's Edition, 1943, page 859; Black's Law Dictionary, DeLuxe Edition, page

1261, and Cyclopedic Law Dictionary, Third Edition, page 769. The evidence in this case will not support a conclusion that a novation was intended by the parties. The evidence shows that the agent of the defendant company had no authority to bind the company to such an agreement. Furthermore, we conclude that under the facts in this case any such agreement, if entered into, did not fall within the apparent scope of the authority of the agent. Also, in order to recover upon this theory of the case the plaintiff would be required to prove not only that the agreement entered into by the agent of the defendant company was binding on the defendant company on the theory that it was within the apparent scope of the agent's authority, but, also, that a prior obligation existed between the plaintiff and the defendant, which was extinguished. In order to show a prior existing obligation it would be necessary for the plaintiff to prove that death was caused by accidental means.

Coming now to consider the basic issue in this case, which was whether the death of Annabel S. Baker was caused by accidental means, we return to the consideration of the stipulation entered into between the parties to the effect that: "The burns were incurred while the decedent was attempting to ignite a fire with kerosene." The evidence shows that when the decedent attempted to ignite a fire with kerosene an explosion took place, resulting in third degree burns on 55% of the surface of her body, and that as a result thereof death ensued. Do these meager facts show that death was caused by accidental means? Without question, an accidental injury occurred, but it is not sufficient to show, under the provision of the policy, simply that an accidental injury occurred. The evidence does not show that an unexpected, unforeseen or unusual happening intervened. The evidence shows that the decedent performed the act which she intended to perform. The igniting of the kerosene was the natural consequence of her act. A differentiation must be made between the resulting injury to the insured and the means which was the operative cause in producing this injury. The facts in this case show that the means which produced the injury, to wit: the use of kerosene in igniting a fire, was voluntarily and intentionally employed. In the application of the principle laid down in the case of **Mitchell v. New York Life Insurance Co., 136 Oh St 551,** 27 N. E. (2d) 243, we conclude that death was not caused by accidental means within the intent and meaning of these words as used in the double indemnity clause of the insurance policy. In that case, the court in commenting on the evidence adduced, on page 553 stated:

"It is true that the result produced was not that which was intended, and hence accidental. However, the fact that the result was accidental does not make the means, which produced such result, likewise accidental."

In **Blubaugh v. The Lincoln National Life Insurance Co.,** 84 Oh Ap 202, 82 N. E. (2d) 765, this Court held:

"Before an injury can be said to be effected through 'accidental means' as that term is used in a policy of insurance which provides for double indemnity should the insured 'sustain bodily injury, effected directly through external, violent and accidental means,' it must be shown that the **means** by which the injury was produced was accidental; it is not sufficient that the resulting injury be unexpected, unforeseen or accidental; the **means** by which the injury resulted must be shown to be unexpected, unforeseen or accidental.

"Where the evidence shows proof of an accidental injury as distinguished from an injury effected through 'accidental means,' there cannot be a recovery."

The defendant contends that the Court erred in admitting parol evidence to contradict the release agreement which was executed by the plaintiff at the time he received the principal sum of the proceeds of the policy. It is elementary that the written contract cannot be contradicted by parol evidence. Parol evidence may be admitted to contradict or vary a receipt, but where the receipt constitutes a contract parol evidence to contradict or vary its terms is inadmissible. In the case at bar, parol evidence was admissible on the theory that the plaintiff was induced to execute the release by reason of the false representations made by the agent of the defendant company. See 17 O. Jur. pp. 510, 569, 572. Furthermore, the record shows that counsel for the defendant interposed no objection to the introduction of this evidence and in fact cross-examined the plaintiff at length on this matter.

We conclude that the judgment of the trial court is not supported by sufficient evidence, is contrary to the manifest weight of the evidence, and contrary to law. The motion of the defendant for a finding in its favor filed at the close of all the evidence should have been sustained. This court enters judgment for the defendant, which the trial court should have rendered.

Judgment reversed and cause remanded.

MILLER, PJ, and HORNBECK, J, concur.