THE STATE OF OHIO, APPELLEE, *v.*
CLEMMONS, APPELLANT.

(No. 2509—Decided
June 16, 1989.)

*Richard P. Carey,* assistant prosecuting attorney, for appellee.
*Gregory Clemmons, pro se.*

GRADY, J. This is an appeal from an order of the trial court denying a petition for post-conviction relief filed by petitioner-appellant, Gregory Clemmons, pursuant to R.C. 2953.21, on August 22, 1988.

Clemmons' petition alleged that his conviction was voidable under either the Ohio Constitution or the Constitution of the United States on five bases: perjured testimony, prosecutorial manipulation, obstruction of official business or obstruction of justice, conspiracy, and ineffective assistance of counsel. The petition presented arguments of fact and law in support of each alleged basis. Attached to the petition were affidavits of two persons, Maxine Y. Snodgrass and Inez Miller, purporting to support the grounds for relief advanced by Clemmons.

The trial court, by entry filed September 7, 1988, dismissed the petition without hearing, stating:

"This matter is before the court on motion of the defendant for the court to grant post conviction relief pursuant to O.R.C. Sections 2953.21 et seq.

"Two affidavits were attached to the motion. These two affidavits, one by Inez Miller, the other by Maxine Snodgrass, either do not illustrate that the affiants were competent to testify to the facts alleged or relate alleged facts which do not demonstrate the defendant's right to relief under the statute.

"A review of the testimony in the case does not reveal that the defendant is entitled to the relief requested.

"It is therefore ordered that the motion be dismissed."

Clemmons filed his notice of appeal of the court's order on September 12, 1988.

R.C. 2953.21 provides, at subsections (C), (D) and (E):

"(C) Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. Such court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

"(D) Within ten days after the docketing of the petition, or within such further time as the court may fix for good cause shown, the prosecuting attorney shall respond by answer or

motion. Within twenty days from the date the issues are made up, either party may move for summary judgment. The right to such judgment shall appear on the face of the record.

"(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues, hold the hearing, and make and file written findings of fact and conclusions of law upon entering judgment."

A prisoner who files a petition for post-conviction relief is entitled to a hearing thereon unless the petition and the files and record of the case show that the prisoner is entitled to no relief. *State* v. *Perry* (1967), 10 Ohio St. 2d 175, 39 O.O. 2d 189, 226 N.E. 2d 104. If evidence determinative of any material issue raised in the petition or affidavits is outside the record, an evidentiary hearing or summary judgment proceeding is required. *State* v. *Hester* (1976), 45 Ohio St. 2d 71, 74 O.O. 2d 156, 341 N.E. 2d 304.

If the trial court finds no grounds for a hearing, the court is required to make and file findings of fact and conclusions of law as to the reasons for dismissal and as to the grounds for relief relied upon in the petition. *State* v. *Lester* (1975), 41 Ohio St. 2d 51, 55, 70 O.O. 2d 150, 152, 322 N.E. 2d 656, 659. Failure to make findings of fact and conclusions of law is prejudicial error. *State* v. *Brown* (1974), 41 Ohio App. 2d 181, 70 O.O. 2d 349, 324 N.E. 2d 755.

Findings of fact and conclusions of law should be clear, specific and complete. The test of their adequacy is "whether they are sufficiently comprehensive and pertinent to the issue to form a basis for the decision and whether they are supported by the evidence." 5A Moore, Federal Practice (2 Ed. 1990) 52-142, Section 52.06[1]. The findings and conclusions of the trial court should respond to all material or determinative issues in the case so that an appellate court can determine the basis for the judgment. *Baker* v. *All States Life Ins. Co.* (App. 1950), 46 O.O. 308, 96 N.E. 2d 787. They should be "* * * explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision." *Alpha Distributing Co.* v. *Jack Daniel Distillery* (C.A. 9, 1972), 454 F. 2d 442, 453.

The grounds stated by the trial court in its entry filed September 7, 1988 are not adequate to meet the mandate of the statute or permit this court on review to determine the presence or absence of prejudicial error.

The matter is remanded to the trial court to make findings of fact and conclusions of law concerning the grounds for relief alleged in the petition for post-conviction relief filed August 22, 1988.

*Judgment reversed*
*and cause remanded.*

WILSON and BROGAN, JJ., concur.