DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Petitioner-appellant Ricky Lee Yauger appeals the dismissal of his petition for postconviction relief without an evidentiary hearing. We reverse and remand.
 I.
In December 1992, Yauger was found guilty of various related crimes. After unsuccessfully attempting a direct appeal, Yauger filed this petition for postconviction relief, wherein he claims that he was denied the effective assistance of counsel. In his petition, Yauger set forth seven grounds for his assertion of ineffective counsel, including an allegation that his counsel deprived him of his right to testify by declining to call him as a defense witness. In response to Yauger's petition, the state addressed only the right to testify argument, asserting that, "[a]dvising clients as to matters such as these is the epitome of effective assistance of counsel."
The trial court dismissed Yauger's petition without an evidentiary hearing. In its findings of fact and conclusions of law, the trial court specifically addressed only the right to testify argument:
 In the instant case, the fact that counsel advised the defendant not to testify does not deprive him of his constitutional right to testify. Advising clients as to matters such as these is the epitome of effective assistance of counsel. It appears from the record that counsel's conduct was reasonable and effective, and did not violate any essential duties to the client. Therefore, the Court finds that the Defendant (sic) has not produced any evidence demonstrating that he was prejudiced by the ineffective assistance of counsel.
 After reviewing the defendant's petition the Court concludes that the defendant has not produced any evidence demonstrating that there was a substantial denial or infringement of his constitutional rights. Defendant's petition is without merit and is DENIED.
Yauger appeals.
 II.
Yauger's first assignment of error states:
 THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION WHEN DISMISSING THE APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT SETTING FORTH ITS FINDINGS ON EACH ISSUE AND CLAIM PRESENTED IN THE PETITION.
This assignment of error is well-taken.
R.C. 2953.21(C) requires a trial court to "make and file findings of fact and conclusions of law" if the court dismisses a petition for postconviction relief without first granting an evidentiary hearing.
 The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclustions (sic) which an appellate court reviews for error.
State v. Mapson (1982), 1 Ohio St.3d 217, 219.
 Findings of fact and conclusions of law should be clear, specific and complete. The test of their madequacy is "whether they are sufficiently comprehensive and pertinent to the issue to form a basis for the decision and whether they are supported by the evidence." The findings and conclusions of the trial court should respond to all material or determinative issues in the case so that an appellate court can determine the basis for the judgment. They should be "* * * explicit enough to give the appellate court a clear understanding of the basis for the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision."
State v. Clemmons (1989), 58 Ohio App.3d 45, 46 (citations omitted and emphasis added). "[U]nless the trial court makes and files findings on all issues presented, appeals may well be piecemeal; the reversal of any dismissal could require the cause to be remanded to decide issues not considered by the trial court, while the reversal of the granting of relief upon one ground might be mooted by a later appeal upon some valid ground." State v. Lester
(1975), 41 Ohio St.2d 51, 56 (emphasis added).
In this case, the trial court's findings and conclusions only addressed one of Yauger's asserted grounds for relief. Because the trial court failed to clearly and explicitly address all of the issues presented by Yauger, this court is unable to determine the basis for the dismissal, thus precluding meaningful appellate review. Therefore, in order to avoid further piecemeal litigation, we remand this case to the trial court to explicitly address the remainder of Yauger's claims.
Judgment reversed and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. _______________________________ DANIEL B. QUILLIN
FOR THE COURT
REECE, J.
DICKINSON, J.
CONCUR.