ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Local Rule 25, the record from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel.
On May 28, 1988, defendant-appellant Levert Bates was convicted of murder with a gun specification in violation of R.C.2903.02. Defendant filed a direct appeal. This court affirmed defendant's conviction in an opinion rendered October 19, 1989.State. v. Bates (October 19, 1989), Cuyahoga App. No. 55979, unreported.
On June 26, 1996, defendant filed a petition for post-conviction relief pursuant to R.C. 2953.21. The trial court dismissed the petition finding it was untimely filed and even if not untimely his claims were barred by the doctrine of resjudicata. Defendant appealed the denial of his petition for post-conviction relief to this court. We reversed and remanded defendant's petition back to the trial court finding his petition was timely filed. In addition, we sustained his second assignment of error finding the trial court improperly denied his claims that he received ineffective assistance of counsel when defense counsel: (1) failed to investigate an eyewitness (Darryl Moore), (2) failed to procure the attendance of a witness (Michael Adams) and (3) failed to communicate the state's plea offer of voluntary manslaughter. We denied the remainder of defendant's claims.State v. Bates (Jan. 21, 1989), Cuyahoga App. No. 75093, unreported.
On remand, the trial court issued findings of fact and conclusions of law and determined defense counsel did not render ineffective assistance of counsel. As a result, the trial court again denied defendant's petition for post-conviction relief. In its journal entry, the trial court applied the doctrine of res judicata in dismissing two of defendant's claims, defense counsel's failure to request lesser included offenses and failure to object to jury instructions. The trial court then addressed the remaining issues. First, the trial court found the eyewitness, Moore, was subject to direct and cross-examination and the jury had complete access to the credibility of the witness. Second, the trial court stated "* * * from the entire record of the proceedings, that the affidavit of Adams is not credible nor would Adams testimony resulted in Bate's conviction being overturned." Third, the trial court addressed trial counsel's failure to request a charge on the lesser offense and stated, citing to State v. Bates, unreported, at 7:
 The evidence failed to show that Bates was influenced by a sudden fit of passion or rage. Thus, it was not an abuse of discretion for the trial court not to charge the jury on voluntary manslaughter. The charge not being proper, counsel did not breach a substantial duty to Bates in not requesting such a charge, and there was no prejudice thereby.
Based on these conclusions, the trial court held defendant "did receive the effective assistance of counsel."
Defendant timely filed his notice of appeal from the trial court's findings of fact and conclusions of law. On appeal, he now submits two assignments of error. Defendant's first assignment of error states as follows:
 THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT'S FOURTH CLAIM FOR POST-CONVICTION RELIEF WITHOUT MAKING ANY FINDINGS OF FACT OR CONCLUSIONS OF LAW.
Defendant argues the trial court erred by not making any findings of fact or conclusions of law regarding his fourth claim for post-conviction relief which concerned defense counsel's failure to inform him of a plea offer made by the state. He claims the trial court discussed the other claims but failed to mention defense counsel's failure to inform him of the state's plea offer. Defendant maintains he was prejudiced by this error because if he had opted to accept the plea offer he could possibly be serving as little as 4 to 25 years instead of the 15 years to life sentence that was imposed.
In its findings of fact and conclusions of law the trial court began its discussion of defendant's claims by stating:
 1) The appellate court's opinion in State v. Bates.
saupra, upheld this trial court's dismissal of the second and fourth claims of ineffective assistance of counsel. Those claims related to defense counsel's failure to request lesser included offenses and failure to object to jury instructions. Thus, these claims are res judicata and need not be considered.
 2) The remaining issues for this trial court to determine is [sic]: (1) whether defense counsel was ineffective because he failed to fully investigate eyewitnesses Darryl Moore; and (2) procure the attendance of witness Michael Adams who could have communicated an alleged plea offer to voluntary manslaughter.
Subsequently, the trial court determined defense counsel was not ineffective in failing to investigate eyewitness Darryl Moore because "Moore testified and was cross-examined about his testimony. Thus, the jury had a complete opportunity to access the credibility of Moore." Regarding Michael Adams, the trial court determined defense counsel was not ineffective for procuring his attendance because "* * * from the entire record of the proceedings, that the affidavit of Adams is not credible nor would Adams' testimony resulted in Bate's conviction being overturned."
In State v. Calhoun (1999), 86 Ohio St.3d 279, the Court stated:
 "A trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion. State v. Clemons (1989), 58 Ohio App.3d 45, 46.
 Thus, we hold that a trial court properly denies a petition for post-conviction relief, made pursuant to R.C. 2953.21, and issues proper findings of fact and conclusions of law where such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence.
In a four page opinion, the trial court stated it examined all the necessary files and documentation connected with the case. The trial court then listed six findings of fact, outlining the procedural history of the case. Lastly, the trial court addressed defendant's claims in its conclusions of law. As to defense counsel's alleged failure to communicate a plea offer, the trial court made a general reference to this claim in finding #2 but did not specifically address it. However, the trial court concluded defendant "did receive the effective assistance of counsel during his trial" indicating that trial counsel was not ineffective in allegedly failing to convey a plea offer to defendant.
Based on Calhoun, we hold the trial court properly denied defendant's petition for post-conviction relief and issued comprehensive findings of fact and conclusions of law, supported by the law, sufficient to demonstrate a basis for its decision. Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error states as follows:
 THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT'S SECOND CLAIM FOR POST-CONVICTION RELIEF ON THE MERITS WITHOUT HOLDING AN EVIDENTIARY HEARING.
Defendant argues the trial court should have held a hearing based on the affidavits of Moore and Adams. He claims both affidavits establish the element of serious provocation brought on by a sudden passion or fit of rage thus satisfying a charge of involuntary manslaughter instead of murder. See R.C. 2903.03.
R.C. 2953.21 provides in part:
 "(C) * * * Before granting a hearing on a petition [for post-conviction relief], the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript."
From the statutory language, it is apparent that a hearing is not required in every post-conviction relief proceeding, but, rather, is discretionary with the trial court. State v. Strutton
(1988), 62 Ohio App.3d 248, 251. The court must determine whether there are substantive grounds for relief that would warrant a hearing based upon the record and any supporting affidavits and documentary evidence before the court. State v. Jackson (1980),64 Ohio St.2d 107, 110.
Defendant argues the affidavits of Moore and Adams would suffice to establish the elements of involuntary manslaughter. However, Moore testified at trial and his affidavit is merely a recantation of earlier testimony and is conclusory of testimony already provided. As to Adams, the trial court stated his affidavit is not credible and would not result in Bate's conviction being overturned. We find nothing in the record to contravene this finding. Moreover, this issue was previously addressed by this court in Bates, unreported at 7, where we stated "[t]he evidence failed to show Bates was influenced by a sudden fit of passion or rage" thus a lesser charge of involuntary manslaughter was not necessary.
Based on the foregoing, we find the trial court did not abuse its discretion in failing to hold an evidentiary hearing based on a review of Moore and Adams' affidavits. Accordingly, defendant's second assignment of error is overruled.
Judgment affirmed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J., PATRICIA A. BLACKMON, J., CONCURS.
 _________________________________ PRESIDING JUDGE JOHN T. PATTON