OPINION
Kevin D. Tolliver appeals from a judgment of the Montgomery County Court of Common Pleas, which dismissed his petition for postconviction relief without a hearing.
In 1998, pursuant to a plea bargain, Tolliver pled guilty to aggravated robbery with a firearm specification in exchange for which the state dropped a charge for possession of crack cocaine. Tolliver was sentenced to five years of imprisonment on the aggravated robbery charge and to three years of actual incarceration on the firearm specification, with the terms to be served consecutively. He did not appeal.
On April 1, 1999, Tolliver filed a pro se Petition to Vacate or Set Aside Sentence. The petition alleged that Tolliver had been coerced by the trial judge and his attorney into pleading guilty because the trial court had threatened a harsher sentence if he went to trial. The petition further alleged that Tolliver had been denied the effective assistance of counsel because of his attorney's participation in conveying the judge's "threats" about sentencing and because counsel had advised him to plead guilty although the primary evidence against him could have been suppressed. In support of his petition, Tolliver attached a letter written to him by his attorney prior to his plea, his own affidavit, and several pages from a transcript of the suppression hearing. On April 7, 1999, before the state had filed a response, the trial court dismissed the petition.
Tolliver raises five assignments of error on appeal. The first assignment addresses, inter alia, the adequacy of the trial court's findings of fact. Because we find that the trial court issued inadequate findings of fact and conclusions of law with respect to its dismissal of the petition, we are not in a position to and will not address Tolliver's other arguments at this time.
R.C. 2953.21(C) provides that, if, after reviewing a petition for postconviction relief, the supporting affidavits, the documentary evidence, and the record of the case, the trial court determines that there are no substantive grounds for relief and that the petition should be dismissed, the court "shall make and file findings of fact and conclusions of law with respect to such dismissal." Findings of fact and conclusions of law should be clear, specific, and complete. State v. Clemmons (1989), 58 Ohio App.3d 45,46. "The findings and conclusions of the trial court should respond to all material or determinative issues in the case so that an appellate court can determine the basis for the judgment." Id. at 46. They must be sufficient to apprise the petitioner of the grounds for the judgment and to apprise the appellate court of the reasons for the trial court's action so that the appellate court may effectively review the judgment for error. State v. Wiles (1998), 126 Ohio App.3d 71, 79. Failure to make the required findings is prejudicial error. State v. Mapson
(1982), 1 Ohio St.3d 217, 218, citing State v. Brown (1974),41 Ohio App.2d 181, 185.
The trial court's judgment entry dismissing Tolliver's petition does not contain a clear, specific, and complete discussion of the trial court's reasons for the dismissal. With respect to the alleged coercion of the guilty plea by the judge and Tolliver's attorney, the judgment simply stated that "[t]he conduct of the trial Judge in his negotiations with Defendant's attorney and the subsequent trial strategies taken by Defendant's attorney are the responsibility of Defendant's attorney." Regarding the ineffective assistance of counsel claims, the court summarily concluded that there was no genuine issue as to whether counsel's performance had fallen below an objective standard of reasonableness.
In our view, the trial court's findings of fact and conclusions of law did not comport with R.C. 2953.21(C) and were insufficient to inform this court of the basis for the trial court's decision and to facilitate meaningful appellate review. The trial court was required to address each of Tolliver's claims with some specificity. It failed to do so, and Tolliver was prejudiced as a result. Mapson, 1 Ohio St.3d at 218.
Accordingly, the judgment of the trial court will be reversed, and this matter will be remanded for more explicit findings of fact and conclusions of law.
In addition to its brief, the state filed with this court a motion to strike from the record the pages of transcript attached to Tolliver's petition on the ground that the transcript in question is not part of the record in this case. We will overrule the motion to strike. The transcript pages are from the hearing on Tolliver's motion to suppress and are "documenting evidence in support of the claim for relief." R.C. 2953.21(A) (1). In that we are remanding this matter to the trial court, the State's concerns with the record should be addressed in that forum.
GRADY, P.J. and YOUNG, J., concur.
Copies mailed to:
Cheryl A. Ross
Kevin D. Tolliver
Hon. John P. Petzold