OPINION
{¶ 1} Defendant-appellant Larry Pahl appeals from a judgment by the Court of Common Pleas of Hancock County denying his motion for post-conviction relief pursuant to R.C. 2953.21. For the following reasons, we affirm the trial court's decision.
 {¶ 2} Facts and procedural history pertinent to the issues raised on appeal are as follows.
 {¶ 3} On August 26, 2000, Todd Miller, a Findlay police officer, observed a Ford truck, found later to have been driven by Larry Pahl, defendant-appellant, ram into another vehicle, driven by Robin Agners, the appellant's ex-girlfriend. At this time, the Findlay police were also investigating a burglary complaint at Ms. Agners' home. Two witnesses, who were present at the time of the break in, identified the appellant as the individual who committed the offense.
 {¶ 4} As a result of these incidents, the Hancock County Grand Jury, on September 5, 2000, indicted the appellant on one count of felonious assault in violation of R.C. 2903.11, a felony of the second degree; and one count of burglary in violation of R.C. 2911.12(A)(4), a felony of the fourth degree. Subsequently, the appellant entered into a plea agreement whereby the appellant would plead no contest to felonious assault, and the prosecutor would request a dismissal of the remaining burglary charge.
 {¶ 5} At the plea hearing held on September 17, 2001, the appellant was informed of his rights pursuant to Crim.R. 11 and entered an oral and written plea of no contest to the felonious assault charge. On September 27, 2001, the trial court sentenced the appellant to a term of six years with the Ohio Department of Rehabilitation and Corrections and ordered the appellant to pay restitution and all costs of the prosecution.
 {¶ 6} On June 3, 2002, the appellant filed a pro se petition to the trial court for post-conviction relief pursuant to R.C. 2953.21. The trial court, in its November 18, 2002 judgment entry, overruled the appellant's petition without a hearing, finding that the appellant had not set forth substantive grounds for relief.
 {¶ 7} It is from this decision which the appellant appeals, asserting three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I
The trial court erred to the prejudice of the Appellant in not holding a hearing on the Appellant's petition for post conviction when there was evidence supporting the fact that the Appellant's plea was obtained in violation of Constitutional Standards rendering the plea invalid pursuant to the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.
 {¶ 8} Elaborating on his first assignment of error, the appellant asserts that he was denied effective assistance of counsel when his retained counsel failed to properly investigate and discover potential exculpatory evidence prior to the defendant's entry of a plea. The appellant claims that this resulted in an invalid plea because his counsel's erroneous advice caused him to enter a plea of no contest rather than elect to go to trial. Appellant also contends that the trial court erred in denying his petition for post conviction relief without first conducting an evidentiary hearing to determine if there was a violation of the appellant's due process rights caused by ineffective assistance of counsel.
 {¶ 9} Petitions for post-conviction relief are governed by R.C.2953.21, which states in pertinent part, that:
(A) Any person convicted of a criminal offense * * * claiming a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.
* * *
(C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there aresubstantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If thecourt dismisses the petition, it shall make and file findings of fact andconclusions of law with respect to such dismissal.
* * *
(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues, hold the hearing, and make and file written findings of fact and conclusions of law upon entering judgment. * * *
* * *
(G) If the court does not find grounds for granting relief, it shallmake and file findings of fact and conclusions of law and shall enterjudgment denying relief on the petition. * * *[1]
 {¶ 10} Under R.C. 2953.21, a criminal defendant seeking to challenge his conviction through a petition for post-conviction relief is not automatically entitled to a hearing.[2] Before granting an evidentiary hearing on the petition, the trial court shall determinewhether there are substantive grounds for relief,[3] i.e., whether there are grounds to believe that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States."[4] In the case at bar, we must consider whether there are grounds to believe that the appellant was denied effective assistance of counsel.
 {¶ 11} To make a claim for ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense.[5] Before a post-conviction relief hearing will be granted, the petitioner bears the initial burden and must: (1) submit evidentiary documents containingsufficient operative facts to demonstrate a lack of competent counsel;and (2) must also demonstrate that the defense was prejudiced by counsel's ineffectiveness.[6]
 {¶ 12} The appellant specifically asserts that counsel should have engaged an accident reconstructionist because "an accident reconstructionist would have determined the exact intent of the accident and if the appellant was intending to harm anyone." Appellant, however, has not demonstrated how an accident reconstructionist could have provided a defense for him. Evidence in the record establishes that the appellant had struck the victim's car with his own vehicle more than once during the commission of the felonious assault. Moreover, an accident reconstructionist could not have testified as to the appellant's intent at the time of the alleged incident. Thus, the record indicates that the appellant's counsel's failure to hire an accident reconstructionist did not amount to ineffectiveness or incompetence.
 {¶ 13} Under these circumstances, the trial court did not err by denying the appellant's motion for post-conviction relief on the basis of ineffective assistance of counsel without first holding an evidentiary hearing. Accordingly, the appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II
The trial court erred to the prejudice of the Appellant in dismissing the petition for post conviction when there is evidence outside of the record that would support the fact that [sic] plea of no contest was obtained in violation of the Fourteenth Amendments of the United States Constitution where the trial court participated in the plea agreement process and made forceful recommendations as to what plea will be accepted by the court and what date.
 ASSIGNMENT OF ERROR NO. III
The trial court abused judicial discretion in dismissing the petition for post-conviction when the evidence that was provided by the Appellant relied upon information outside of the record pursuant to R.C. 2953.21
denying the Appellant his Due Process and Equal Protection Rights under the Fifth and Fourteenth Amendments of the United States Constitution.
 {¶ 14} In the appellant's second and third assignments of error he argues that the trial court erroneously participated in the plea agreement and coerced the appellant into submitting a no contest plea. The appellant contends that there is sufficient operative evidence outside of the record to support his claim for relief, and therefore, the trial court abused its discretion in dismissing his petition without first granting him an evidentiary hearing.
 {¶ 15} The initial issue is whether the record and the evidence submitted by the appellant are sufficient to set forth operative facts that the appellant's plea may have, in fact, been coerced. To support his petition, the appellant submitted into evidence an affidavit sworn to by his mother, Nancy Galvin, and a letter written by William F. Kluge, the attorney for the appellant at the time of the plea and sentencing hearings. The trial court also reviewed the transcripts from the appellant's plea and sentencing hearings held by the trial court on September 17, 2001 (Case No. 2001-CR-60). It is from this pool of evidence which the trial court relied upon in making its decision to deny the appellant's petition for post conviction relief.
 {¶ 16} We begin with a review of the affidavit submitted by the appellant. It is widely accepted that the trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact.[7] The trial court may, under appropriate circumstances in post-conviction relief proceedings, deem affidavit testimony to lack credibility without first observing or examining the affiant.[8]
 {¶ 17} In State v. Calhoun,[9] the Supreme Court of Ohio provided that in assessing the credibility of affidavit testimony in post-conviction relief proceedings, the trial court should consider all relevant factors. Among those factors are: (1) whether the judge reviewing the post-conviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the reliability of that testimony.[10]
The Court went on to state that: [o]ne or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility. Such a decision should be within the discretion of the trial court. A trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur.[11]
 {¶ 18} In the affidavit in question, the appellant's mother stated that the appellant's attorney had told her that a deal had been made between him, the prosecutor, and the trial court judge in which her son would only receive a sentence of four years in prison. For the reasons which follow, we find that the trial court did not abuse its discretion in failing to attribute credibility to the affidavit of the appellant's mother.
 {¶ 19} First, the judge who reviewed defendant's post-conviction relief petition was the same judge who presided at the change of plea hearing and the sentencing hearing. Thus, the trial judge was familiar with the underlying proceedings and was in the best position to observe the defendant and his attorney and therefore assess the credibility of the affidavits.[12] Second, the appellant's supporting affidavit from his mother is based on out-of-court statements allegedly made by the prosecution, the trial court judge, and the appellant's counsel. As such, they, in part, contain and rely on hearsay.[13] Third, the affiant is clearly a relative of the petitioner. Finally, we have reviewed the record in this matter and found that the affidavit contradicts the record. It is evident from the plea transcript that the appellant's plea hearing was in full compliance with Crim.R. 11. For example, during the plea hearing, the appellant assured the court that he had not been made any promises as to what his sentence would be, and that he understood the rights he was giving up as well as the possible sentences that could be imposed.[14]
 {¶ 20} In an effort to further provide proof that the he had been promised a four year sentence and judicial participation in the plea process, the appellant provides a letter, dated February 13, 2002, written by his attorney. This letter, however, establishes the opposite. In the letter, Mr. Kluge, attorney for the appellant, states that the State had told the trial court judge, off of the record, that it would have no objection to a four year sentence. However, Mr. Kluge's letter further explains that the court was not bound to a four year recommendation. The letter also reveals that Mr. Kluge told both the appellant, and the appellant's mother that "the sentence could be more or less than four years."
 {¶ 21} Accordingly, upon review of the evidence available to the trial court, we agree with the trial court and find that the appellant has not provided sufficient evidence of coercion to establish substantial grounds for relief.
 {¶ 22} The appellant also asserts that his petition for post-conviction relief should be granted on the grounds that there was judicial bias by the trial court. The appellant bases his argument on the following statement made by the trial court in the November 18, 2002, judgment entry denying the appellant's petition for post conviction relief: "[t]he Court further provided that should the defendant not enter a plea of guilty on September 17, 2001, the matter would be scheduled for trial on September 24, 2001." The appellant claims that this statement amounts to a "forceful recommendation" by the trial court and that his only choice was to "either plead guilty or face the court's wrath."
 {¶ 23} This argument lacks any merit. The statement on which the appellant relies was merely a recitation of the procedural history of the case. The trial court was merely setting forth a time table for trial in the event that the appellant rejected a plea offer from the state, which, of course, he was free to do. The appellant claims that if he had a choice, he would have elected, and would still elect, to have a jury trial on the charges. The fact of the matter is that the appellant did have that choice, and elected to accept the negotiated plea. The record in no way reflects that the trial court suggested or coerced the appellant to enter a plea of guilty.[15] Again, as to this contention, the appellant has failed to set forth sufficient operative facts to establish substantive grounds for relief.
 {¶ 24} The next inquiry is whether the trial court properly issued sufficient findings of fact and conclusions of law to support its dismissal of the appellant's petition for post-conviction relief. A trial court may deny a petition for post-conviction relief if it issues proper conclusions of law and findings of fact that demonstrate the basis for its decision, and where those findings are supported by the evidence.[16]
A trial court need not discuss every issue raised by the appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion.[17]
 {¶ 25} The trial court thoroughly set forth the basis for its decision in a thirteen page judgment entry. The trial court below outlined the procedural history, set forth the appropriate legal standards, and addressed the appellant's claims. The trial court reviewed the appellant's petition and supporting documents and concluded that the appellant's no contest plea was appropriately obtained and that it would be improper to vacate the plea. As stated above, the September 17, 2001 plea hearing, in which the appellant plead no contest, reveals that the trial court was in full compliance with Crim R. 11. Furthermore, the appellant failed to introduce any evidence from outside of the record to establish substantive grounds for relief. The trial court's findings of fact and conclusions of law were adequate in conveying to this Court the basis for its decision.
 {¶ 26} There is nothing in the record to corroborate the appellant's claims of coercion. The record clearly reflects that the appellant's guilty plea was made knowingly, intelligently, and voluntarily.
 {¶ 27} The appellant's second and third assignments of error are overruled.
 {¶ 28} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
WALTERS and SHAW, JJ., concur.
[1] We apply that version of R.C. 2953.21, effective 9-5-01, which was in effect at the time the appellant filed his petition for post conviction relief. Emphasis added.
[2] State v. Cole (1982), 2 Ohio St.3d 112.
[3] R.C. 2953.21(C). Emphasis added. See, also, State v. Calhoun
(1999), 86 Ohio St.3d 279, 283.
[4] R.C. 2953.21(A)(1). Emphasis added. See, also, State v. Calhoun
(1999), 86 Ohio St.3d 279, 283.
[5] State v. Clemons (1998), 82 Ohio St.3d 438, 449-450, citingStrickland v. Washington (1984), 466 U.S. 668, 687.
[6] See State v. Jackson (1980), 64 Ohio St.2d 107, at syllabus.
[7] State v. Calhoun (1999), 86 Ohio St.3d 279, 284.
[8] Id.
[9] State v. Calhoun (1999), 86 Ohio St.3d 279, 285.
[10] State v. Calhoun (1999), 86 Ohio St.3d 279, 285.
[11] Id.
[12] State v. Calhoun (1999), 86 Ohio St.3d 279, 286-287, citingState v. Moore (1994), 99 Ohio App.3d 748, 754.
[13] "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted, and is not admissible. See, Evid.R. 801(C) and Evid.R. 802. The statements allegedly made by the prosecution and the trial court judge, which were then allegedly told to the defendant-appellant's mother, constitute hearsay, and would be inadmissible. See State v. Calhoun (1999), 86 Ohio St.3d 279, 287.
[14] The Ohio Supreme Court has held that a record reflecting compliance with Crim R. 11 has greater probative value than contradictory affidavits. State v. Calhoun (1999), 86 Ohio St.3d 279, citing State v. Kapper (1983), 5 Ohio St.3d 36, 38.
[15] Actually, the appellant did not enter a plea of guilty but rather a plea of no contest.
[16] State v. Calhoun (1999), 86 Ohio St.3d 279, at paragraph 3 of the syllabus.
[17] State v. Calhoun (1999), 86 Ohio St.3d 279, 291-292, citing State v. Clemmons (1989), 58 Ohio App.3d 45, 46.