**The STATE of Ohio, Appellee,**

v.

**WILSON, Appellant.**

[Cite as *State v. Wilson* (1996), 110 Ohio St.3d 178.]

Court of Appeals of Ohio,
Second District, Darke County.

No. 1379.

Decided March 29, 1996.

*Richard M. Howell,* Darke County Assistant Prosecuting Attorney, for appellee.

*James M. Wilson, pro se.*

---

FREDERICK N. YOUNG, Judge.

This case has its origin in a criminal action in which the appellant, James M. Wilson, was charged with felonious assault with a firearm specification. Wilson pleaded not guilty to this offense. At trial, Wilson presented an alibi defense. Nevertheless, the jury found Wilson guilty of the charge and the specification.

Subsequently, Wilson moved for a new trial. On November 13, 1992, the trial court overruled the motion. Wilson then appealed the decision to this court. On March 23, 1994, we affirmed his conviction. *State v. Wilson* (Mar. 23, 1994), Darke App. No. 1318, unreported, 1994 WL 95215. On January 6, 1995, Wilson filed a petition for postconviction relief. Both parties filed summary judgment motions. On May 16, 1995, the trial court, without specifically granting or denying either summary judgment motion, overruled Wilson's petition for postconviction relief. Wilson now files this timely appeal.

■ We find that the trial court committed prejudicial error. R.C. 2953.21(E) provides:

"Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues, hold the hearing, and make and file written findings of fact and conclusions of law upon entering judgment."

If the trial court "finds no grounds for a hearing, the court is required to make and file findings of fact and conclusions of law as to the reasons for dismissal and as to the grounds for relief relied upon in the petition." *State v. Lester* (1975), 41 Ohio St.2d 51, 70 O.O.2d 150, 322 N.E.2d 656, paragraph two of the syllabus. Failure to make findings of fact and conclusions of law is prejudicial error. See *State v. Brown* (1974), 41 Ohio App.2d 181, 185, 70 O.O.2d 349, 351, 324 N.E.2d 755, 758.

This court in *State v. Clemmons* (1989), 58 Ohio App.3d 45, 46, 568 N.E.2d 705, 706, held that "[f]indings of fact and conclusions of law should be clear, specific and complete." The test of their adequacy, we found, is " 'whether they are sufficiently comprehensive and pertinent to the issue to form a basis for the decision and whether they are supported by the evidence.' " *Id.* at 46, 568 N.E.2d at 706–707, quoting 5A Moore, Federal Practice (2 Ed.1990) 52–142, Section 52.06[1]. Furthermore, we decided that the findings and conclusions of law should respond to all the determinative issues in the case explicitly enough that an appellate court can determine the basis for the decision.

■ We find that the grounds set forth by the trial court in its entry are not adequate to meet the mandate of the statute or to permit this court to review the trial court's det · ination. Wilson asked the trial court to grant him postconviction relief on four grounds: (1) his attorney failed to request DNA testing of a blood and tissue sample found at the scene of the crime; (2) his attorney failed to have Wilson's shotgun tested to determine whether the bullet casing found at the scene could have come from his gun; (3) his counsel failed to proffer a jury instruction on the lesser offense of aggravated assault; and (4) his attorney failed to submit evidence implicating another individual, Frank Shepard, as the assailant. The trial court did specifically address Wilson's first three claims in its judgment entry. However, the trial court failed to consider Wilson's last, and arguably most important, claim.

Wilson insists that Frank Shepard assaulted the victim. The victim of the assault, John H. Fields, claims that he shot his assailant during the attack at a very close range. Wilson, however, was not shown to have sustained any injuries. Nevertheless, a man named Frank Shepard was shot that evening with the same caliber gun that the victim used to shoot his assailant. Wilson substantiated his claim to the trial court that Shepard was shot that evening by submitting two

affidavits in which the individuals attested that Wilson and Shepard appeared at their home after the crime had been committed. Furthermore, the affiants attested that Wilson asked them for a tourniquet because Shepard had been shot in the leg. Wilson also corroborated this claim with a police report finding that Shepard was shot that evening with the same caliber weapon that the victim shot his assailant with. Finally, Wilson presented a letter from the prosecuting attorney to Wilson's pretrial attorney, forwarding information about Shepard's shooting because it was possibly considered favorable to Wilson. Wilson alleges that this information was never passed on to his trial attorney.

We find that the trial court failed to specifically consider the aforementioned evidence and Wilson's claim that his counsel should have presented that evidence at trial. Furthermore, the trial court failed to consider that Wilson's counsel did not have testing done on the blood and tissue sample and on his shotgun, in light of evidence indicating that Shepard was the perpetrator. Wilson claims that his trial attorney's omissions taken together severely prejudiced his case. Wilson, for example, maintains that the DNA testing might have indicated that the blood and tissue belonged to Shepard, or at least, that it did not belong to either himself or the victim.

Since the trial court failed to address a determinative issue, we remand this cause to the trial court to make findings of fact and conclusions of law. However, our discussion of the issues should not be taken to indicate a view concerning the merits of Wilson's claims.

The judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

GRADY and BROGAN, JJ., concur.