DECISION.
Following a jury trial, defendant-appellant Ahmed Issa was found guilty of aggravated murder, with two specifications, and sentenced to death. Issa filed a direct appeal to the Supreme Court of Ohio, which is currently pending. Issa also filed a petition for postconviction relief in the Hamilton County Court of Common Pleas, raising twenty-three claims. The trial court dismissed the petition and issued findings of fact and conclusions of law.
Issa now appeals, alleging two assignments of error. Issa's first assignment of error is that his constitutional rights were violated when the trial court erroneously granted summary judgment to the state and dismissed his postconviction claims. In the second assignment, Issa maintains that his constitutional rights were violated when the trial court adopted the state's proposed findings of fact and conclusions of law. Basically, Issa challenges the sufficiency of the findings and conclusions.
R.C. 2953.21(C) requires the trial court to journalize findings of fact and conclusions of law when it dismisses a petition for postconviction relief. The general purpose of R.C. 2953.21 is to provide a basis for a reviewing court to determine whether the record supports the conclusions reached by the trial court.[1]
Though the trial court need not discuss every issue raised in a postconviction petition or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law, the findings and conclusions must be sufficiently comprehensive and pertinent to the claims presented, demonstrate the basis for the decision by the trial court, and be supported by the record.[2] A failure to make the required findings and conclusions is prejudicial error.[3]
We hold that the decision journalized by the trial court is not statutorily adequate. Issa requested postconviction relief on twenty-three grounds. Essentially those grounds involved the following: (1) the constitutionality of the death penalty; (2) the effectiveness of trial counsel; (3) prosecutorial misconduct; (4) the jury instructions at the mitigation hearing; (4) the competency of Issa; (5) jury selection; and (6) the prosecution of capital cases. The trial court specifically addressed and resolved twenty-two claims relating to the constitutionality of the death penalty, the effectiveness of trial counsel, prosecutorial misconduct, Issa's competency, jury selection, and the prosecution of capital cases in Hamilton County. But the court failed to specifically rule upon Issa's eighteenth claim for relief challenging the jury instructions given at the mitigation hearing. While the court need not individually address multiple claims that raise similar issues, it must address all determinative issues.[4] By failing to address the eighteenth claim, the trial court failed to specifically consider whether an unconstitutional presumption in favor of the death penalty was created by the jury instructions at the mitigation hearing and whether Issa was properly sentenced to death. Because the trial court failed to address a determinative issue and provide a basis for a resolution of that issue, we cannot effectively review its judgment. As a result, we conclude that Issa was prejudiced.
In order to avoid piecemeal litigation, we decline to address the merits of the court's decision as it relates to the other claims.[5] We, therefore, will not consider the remaining arguments raised on appeal until there is a judgment with findings of fact and conclusions of law that encompass all of the determinative claims. The judgment of the trial court is reversed and the cause is remanded for complete findings and conclusions.
Judgment reversed and cause remanded.
 GORMAN, P.J., PAINTER and SUNDERMANN, JJ.
[1] See State v. Calhoun (1999), 86 Ohio St.3d 279, 291,714 N.E.2d 905, 916; State v. Lester (1975), 41 Ohio St.2d 51, 56,322 N.E.2d 656, 659.
[2] See State v. Calhoun, supra, at 291-292, 714 N.E.2d at 916;State v. Clemmons (1989), 58 Ohio App.3d 45, 46, 568 N.E.2d 705,706-707.
[3] See State v. Mapson (1982), 1 Ohio St.3d 217, 218,438 N.E.2d 910, 912.
[4] See State v. Wilson (1996), 110 Ohio App.3d 178, 180,673 N.E.2d 946, 947.
[5] See State v. Lester, supra, at 56, 322 N.E.2d at 659; Statev. Wiles (1998), 126 Ohio App.3d 71, 80-81, 709 N.E.2d 898, 904.