DECISION
{¶ 1} Plaintiff-appellant, LuAnn E. Albert, d/b/a Dublin Hair Nails ("appellant"), appeals from the February 27, 2002 order of the Franklin County Court of Common Pleas adopting the magistrate's January 4, 2002 decision and order granting appellant's request for injunctive relief, and overruling appellant's objections filed on January 18, 2002. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Appellant is the owner of Dublin Hair Nails, located in Dublin, Ohio. Appellant employs about eight or more independent contractors. In 1997, defendant-appellee, Jacqueline Shiells ("appellee"), began working for appellant as a nail technician. Appellant and appellee entered into an Independent Contractor Agreement, which contained the following noncompetition clause:
 {¶ 3} "The independent contractor may terminate this agreement at any time after a two week notice and can work anywhere outside of a two (2) mile radius of 91 South High Street, Dublin, OH, but not work with or for another nail technician, barber, cosmetologist or hair stylist that at any time worked for Dublin Hair and Nails, for a period of two (2) years."
 {¶ 4} In October 2001, appellee gave appellant her two-week notice terminating her employment with appellant. Shortly thereafter, appellee opened her own business, Nails by Jacqueline, across the street from appellant's business. On November 9, 2001, appellant filed a motion for a temporary restraining order and preliminary injunction against appellee. On November 21, 2001, appellee filed a memorandum contra to appellant's request for a temporary restraining order. On November 21, 2001, the trial court issued a temporary restraining order. The matter was set for a hearing on December 21, 2001, on appellant's motion for restraining order.
 {¶ 5} On January 4, 2002, the magistrate found that appellee, upon leaving appellant's salon, opened her own salon and had not worked "with or for" another employee who previously worked with appellant. The magistrate held:
 {¶ 6} "* * * [Appellant] is entitled to injunctive relief, but only to a limited extent. Because [appellee] was not prohibited from working for herself, an injunctive mandate preventing her from doing so would be improper. However, it is found that injunctive relief is available and proper to prohibit [appellee] from working within two miles of [appellant] with another nail technician, barber, cosmetologist or hair stylist at any time who worked for plaintiff for two years from the time [appellee] left her employment with [appellant]. The Magistrate finds this remedy to be in the public interest." (Emphasis sic. Magistrate's Decision, January 4, 2002, at 5.)
 {¶ 7} On January 18, 2002, appellant filed objections to the magistrate's decision. On January 25, 2002, appellee filed a response to appellant's objections, to which appellant filed a reply on February 6, 2002. On February 27, 2002, the trial court overruled appellant's objections, adopted the magistrate's decision and order granting injunctive relief, holding:
 {¶ 8} "[Appellee] is enjoined from working within a two-mile radius of [appellant's] salon, Dublin Hair and Nails, located at 91 South High Street, Dublin, Ohio, if she is working for or with another nail technician, barber, cosmetologist, or hair stylist that at any time worked at Dublin Hair and Nails. However, [appellee] is permitted to work within the above referenced two-mile radius as long as she is not working for or with another nail technician, barber, cosmetologist, or hair stylist that at any time worked at Dublin Hair and Nails. This injunction expires on November 1, 2003." (Order Adoption Magistrate's Decision Filed January 4, 2002; Order Granting Injunctive Relief; Decision Overruling Objections Filed by Plaintiff, Luann E. Albert, on January 18, 2002, February 27, 2002, at 6.[1])
 {¶ 9} It is from this judgment that appellant timely appeals, assigning the following three assignments of error:
 {¶ 10} "Assignment of Error I:
 {¶ 11} "The trial court erred in finding a different meaning from that expressed in the non-compete provisions of the contract and interpreting the terms of the agreement instead of applying them.
 {¶ 12} "Assignment of Error II:
 {¶ 13} "If it is assumed that the non-compete provisions are ambiguous, then the magistrate and the trial court erred in not looking to the intent of the parties and examining extrinsic evidence.
 {¶ 14} "Assignment of Error III:
 {¶ 15} "The trial court erred in dismissing the second and third causes of action for defamation and tortuous interference with contract."
 {¶ 16} Appellant's first and second assignments of error are interrelated and, as such, will be addressed together. In her first assignment of error, appellant contends that the trial court failed to give the proper meaning to the language contained in the noncompetition clause. Appellant contends that the clause prevents appellee from working anywhere within the two-mile radius of appellant's salon for a period of two years, whether appellee worked by herself or with an employee who previously worked for appellant's salon. In her second assignment of error, appellant asserts that, if the provisions of the clause were unclear and ambiguous, then the trial court erred in not looking at the intent of the parties and examining extrinsic evidence.
 {¶ 17} Appellant argues that the noncompetition clause has three distinct components, and the trial court's analysis of the three components was flawed. Appellant asserts that the three distinct provisions are: (1) the independent contractor may terminate this agreement at any time after a two-week notice and can work anywhere outside of a two (2) mile radius of 91 South High Street, Dublin, Ohio; (2) but not work with or for another nail technician, barber, cosmetologist or hair stylist that, at any time, worked for Dublin Hair Nails; (3) for a period of two (2) years.
 {¶ 18} Appellant contends that the first provision is the "heart" of the clause and the trial court "rewrote" the clause instead of applying the words, giving the clause its usual and ordinary meaning. Appellant argues when the first provision of the clause is given its intended meaning, the noncompetition clause prohibits two types of conduct: (1) it prohibits appellee from working anywhere within the two-mile radius of Dublin Hair Nails; and (2) from working by herself or with another employee that previously worked for appellant's salon.
 {¶ 19} Conversely, appellee argues that the language of the clause only prohibits her from working within the two-mile radius of appellant's salon "with or for" a former employee of appellant's salon, but the language of the clause is silent in regards to whether appellee attempts to work within the two-mile radius by herself.
 {¶ 20} Where the terms of a contract are clear and unambiguous, a court cannot find a different intent from that expressed in the contract. E.S. Preston Assoc., Inc. v. Preston (1986), 24 Ohio St.3d 7,10. If the meaning is apparent, the terms of the agreement are to be applied, not interpreted. Carroll Weir Funeral Home v. Miller (1965),2 Ohio St.2d 189, 192. However, where the meaning of a contract is ambiguous, the ambiguity should be construed against the drafting party. Central Realty Co. v. Clutter (1980), 62 Ohio St.2d 411, 413. Moreover, in interpreting a provision in a written contract, the words used should be read in context and given their usual and ordinary meaning. Carroll Weir Funeral Home, supra. Where the intent of the parties to a contract can be determined through examination of the contract alone, a court should refrain from examining parol evidence. Mesarvey, Russell 
Co. v. Boyer (July 30, 1992), Franklin App. No. 91AP-974. See Stony's Trucking Co. v. Pub. Util. Comm. (1972), 32 Ohio St.2d 139, 142. "Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions." Shifrin v. Forest City Ent., Inc. (1992), 64 Ohio St.3d 635, syllabus.
 {¶ 21} In this case, in order to ascertain the intent of the parties, the words in the agreement must be given their plain and ordinary meanings. See Carroll Weir Funeral Home, supra. At controversy is the interpretation of the word "but." The plain meaning of "but" means "outside, without, except, except that." Merriam Webster's Collegiate Dictionary (10th Ed. 1996) 155. Appellant states that, when the term "but" is applied appropriately, the clause reads that appellee can relocate outside of the two-mile radius "except" appellee would not be allowed to work at a location "with or for" another former employee of appellant's salon. In reviewing the terms of the noncompetition clause, it is not entirely clear and unambiguous. When read in three distinct provisions, the clause prohibits appellee from working as a nail technician by herself within a two-mile radius as long as appellee is not working "with or for" a former employee of appellant's salon, for a period of two years. However, when read as one sentence, the clause prohibits appellee from working within a two-mile radius of appellant's salon "with or for" a former employee of appellant's salon for a period of two years. When interpreted this way, the clause is silent as to appellee working by herself within a two-mile radius of appellant's salon.
 {¶ 22} Finding ambiguity with the clause, the trial court looked to extrinsic evidence to determine the parties' intentions and considered the testimony of appellant and appellee at the December 21, 2001 hearing on appellant's motion for a restraining order. At the hearing, appellant testified that appellee was aware that she would have to work outside of a two-mile radius if appellee terminated her employment:
 {¶ 23} "Q. Was there ever any question in your mind that this language meant if she left, she had to go two miles, at least two miles away.
 {¶ 24} "A. With the word outside, no, there's no question." (Tr. at 15.)
 {¶ 25} However, appellant agreed that the clause did not prohibit appellee from working within a two-mile radius of appellant's salon:
 {¶ 26} "Q. Does it say she cannot work within two miles?
 {¶ 27} "A. No, but it doesn't — you can put anything else in there I guess you want to, but it doesn't make it effective in my eyes.
 {¶ 28} "Q. Now, you could have stated that [appellee] cannot work within two miles of Dublin Hair Nails, could you not have?
 {¶ 29} "A. I stated exactly what's on the page. It says she can work outside of a two-mile radius.
 {¶ 30} "Q. Does it say she can't work inside of two miles?
 {¶ 31} "A. Well, I guess not." (Tr. at 34-35.)
 {¶ 32} Appellee testified that the contract read that she could work anywhere outside of a two-mile radius of appellant's salon, but the clause stated nothing about appellee working within a two-mile radius. (Tr. at 59.) The trial court concluded that the noncompetition clause was ambiguous as to the specific type of conduct that appellant was attempting to prohibit. We find that the noncompetition clause was poorly drafted, and that the trial court did not err in construing the ambiguity against appellant as the drafter. For the following reasons, appellant's first and second assignments of error lack merit.
 {¶ 33} In her third assignment of error, appellant argues that the trial court failed to address her remaining claims for defamation/slander and tortious interference with contract. In the February 27, 2002 judgment entry, the trial court determined "[t]here is no just cause for delay" as to appellant's breach of contract claim. While the court need not individually address multiple claims that raise similar issues, it must address all determinative issues. State v. Wilson (1996),110 Ohio App.3d 178, 180. The following issues remain pending before the trial court: defamation/slander and tortious interference with contract. Because the trial court did not terminate the case, it may proceed to consider appellant's two remaining claims. Accordingly, appellant's third assignment of error is overruled.
 {¶ 34} For the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and KLATT, JJ., concur.
[1] At the onset, we note that there was a question as to if there was a final appealable order. After reviewing the record, applicable cases and statutory authority, we conclude that this court has subject matter jurisdiction to consider the merits of this appeal. Premier Health Care Serv., Inc. v. Schneiderman (Aug. 21, 2001), Montgomery App. No. 18795; Bob Krihwan Pontiac-GMC Truck, Inc. v Gen. Motors Corp. (Jan. 30, 2001), Franklin App. No. 00AP-262.