OPINION
{¶ 1} Defendant-appellant, Carl Lindsey, appeals the decision of the Brown County Court of Common Pleas dismissing his petition for postconviction relief ("PCR"). We affirm the decision of the trial court.
 {¶ 2} On February 10, 1997, appellant was at Slammer's Bar in Brown County with three other people, Joy Hoop, Kenny Swinford, and Kathy Kerr. The four individuals discussed and planned the shooting of Joy's husband, Donald "Whitey" Hoop. Appellant stated that "he would do him in." Joy was then seen giving appellant a firearm.
 {¶ 3} When Kerr left the bar that night to travel home, she saw Whitey lying on the ground next to his car covered with blood. Whitey had been shot in the neck once while he was seated in his vehicle. Whitey was then shot again in the forehead after he exited his vehicle. Kerr also saw appellant standing next to the door of Slammer's Bar. Appellant followed Kerr in his truck to her home where she permitted him to take a shower.
 {¶ 4} At approximately the same time, Deputy Buddy Moore, a Brown County Deputy Sheriff, was on patrol passing by Slammer's Bar. He noticed a suspicious truck pulling out of the parking lot and he followed it from the bar to the Kerr residence. Deputy Moore then received a police dispatch that informed him that there had been a shooting at Slammer's Bar. He returned to Slammer's Bar.
 {¶ 5} At Slammer's Bar, Deputy Moore found Whitey's body lying on the ground in the parking lot with no pulse. When backup arrived, Deputy Moore and an Ohio State Highway Patrol trooper returned to the Kerr residence. Kerr gave the officers permission to enter and search her residence. Deputy Moore found appellant in the bathroom. Appellant was soaking his clothes in a tub full of red-tinted water. A box of .22 caliber ammunition was found on the sink; a .22 caliber Jennings semi-automatic pistol was found behind the bathroom door; and Whitey's empty wallet was found in the bathroom wastebasket. Laura Kiddon, of the Miami Valley Regional Crime lab, testified that bloodstain samples she tested were "consistent with originating from [Whitey] Hoop." The samples were taken from the .22 caliber Jennings pistol, appellant's jacket, jeans, boots, and from the console, door handle, driver's side door panel, driver's seat, and steering wheel on appellant's truck. Additionally, Detective Forrest Coburn, of the Brown County Sheriff's Department, performed an atomic absorption test on appellant's hands. Gary Shaffer of the Miami Valley Regional Crime Lab testified that the test was positive, indicating that appellant had recently discharged a firearm.
 {¶ 6} Appellant was charged with the death of Whitey Hoop in two separate indictments. The indictment in Case No. 997-2015 charged as follows: Count I, theft over $500; Counts II and III, aggravated robbery; and Count IV, aggravated murder with a felony-murder death specification. The indictment in Case No. 997-2064 charged appellant with aggravated murder with two death specifications: murder-for-hire and prior calculation and design.
 {¶ 7} At the close of evidence, the trial court, pursuant to a Crim.R. 29 motion for acquittal, dismissed the murder-for-hire specification. The jury found appellant guilty of all other charges and specifications. After the penalty phase of the trial, the jury recommended the death sentence. The trial court then imposed the death sentence.
 {¶ 8} On direct appeal, the Supreme Court of Ohio affirmed the convictions and death sentence and denied a motion for reconsideration. See State v. Lindsey, 87 Ohio St.3d 479, 2000-Ohio-465. In August 2000, the United States Supreme Court denied hearing appellant's petition for a Writ of Certiorari. See Lindsey v. Ohio (2000), 531 U.S. 838,121 S.Ct. 99. Appellant filed his original PCR petition on September 21, 1998, and an amended PCR petition on April 30, 1999. The trial court denied the petition on January 15, 2002, without a hearing. Appellant appeals the decision raising three assignments of error, which we will address in reverse order for purposes of clarity.
Assignment of Error No. 3
 {¶ 9} "Ohio post-conviction procedures do not afford an adequate corrective process nor do they comply with due process or equal protection under the Fourteenth Amendment."
 {¶ 10} Appellant argues that Ohio's PCR process does not provide an adequate corrective procedure to indigent petitioners like himself. Appellant argues that the PCR process in Ohio fails when the petitioner has the burden of supporting grounds for relief with evidence outside the record, but is not granted discovery, and the PCR petition is dismissed without a hearing.
 {¶ 11} A PCR proceeding is not an appeal of a criminal conviction, but a collateral civil attack on a criminal judgment. Statev. Steffen, 70 Ohio St.3d 399, 410, 1994-Ohio-111. PCR petitions are governed by R.C. 2953.21, which states in pertaining part:
 {¶ 12} "(A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."
 {¶ 13} The Ohio Supreme Court has held that the statutory procedure for postconviction relief constitutes "the best method of protecting constitutional rights of individuals and, at the same time, providing a more orderly method of hearing such matters." Freeman v.Maxwell (1965), 4 Ohio St.2d 4, 6. Consequently, we do not share appellant's opinion of the efficacy of the postconviction system. There are instances where postconviction relief is appropriate. See State v.Wilson, 73 Ohio St.3d 40, 1995-Ohio-217; State v. Byrd (1980),63 Ohio St.2d 288; State v. Cannaday (Oct. 8, 1991), Franklin App. No. 91AP-474. These cases demonstrate that a petitioner's chance of success depends more on the merit of his claim than on the procedural obstacles he faces. The statutory procedure for postconviction relief constitutes an adequate corrective process. Therefore, the third assignment of error is overruled.
Assignment of Error No. 2
 {¶ 14} "The trial court erred by applying the Doctrine of Res Judicata to bar appellant's grounds for relief; by failing to adequately address and adjudicate all of appellant's grounds for relief; and by failing to file adequately reasoned findings of fact and conclusions of law containing an explication necessary for appellant to fully and fairly prosecute an appeal of the denial of post-conviction relief."
 {¶ 15} We first address appellant's concerns regarding adequacy of the trial court's findings of fact and conclusions of law in the "judgment entry as to defendant-petitioner's post-conviction petition." Appellant argues the trial court failed to file an "adequate, detailed, thoroughly reasoned entry" which he is entitled to "in order to vindicate his Ohio and Federal constitutional rights."
 {¶ 16} In the postconviction relief context, the Supreme Court of Ohio has explained the rationale behind requiring a trial court to issue findings of fact and conclusions of law: "The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error." State v. Mapson (1982),1 Ohio St.3d 217, 219. Therefore, the test of the adequacy for findings and conclusions is "whether they are sufficiently comprehensive and pertinent to the issue to form a basis for the decision and whether they are supported by the evidence." State v. Clemmons (1989),58 Ohio App.3d 45, 46. In order for an appellate court to determine the basis for judgment, the findings and conclusions should respond to all material or determinative issues in the case. See Baker v. All StatesLife Ins. Co. (App. 1950), 58 Ohio Law Abs. 366, 371.
 {¶ 17} The trial court filed a 17-page "judgment entry as to defendant-petitioner's post-conviction petition" setting forth the trial court's findings of fact and conclusions of law. We find this judgment entry is more than sufficient to provide this court with the basis upon which the trial court denied the petition and the evidence that supports the decision. See Clemmons at 46. Therefore, appellant's claim fails.
 {¶ 18} Appellant argues that the findings of fact and conclusions of law are inadequate because they did not adequately and directly address each of the grounds for relief. However, a trial court "need not discuss every issue raised by appellant * * * in an elaborate and lengthy discussion in its findings of fact and conclusions of law." State v.Calhoun, 86 Ohio St.3d 279, 291, 1999-Ohio-102. The findings need only be "sufficiently comprehensive and pertinent to the issue to form a basis for the decision and whether they are supported by the evidence."Clemmons at 46.
 {¶ 19} The 17-page judgment entry in the instant case is sufficient to apprise appellant of the grounds for the decision and the evidence that supports the decision. Therefore, all the grounds advanced for relief by the petitioner have been properly and finally addressed.
 {¶ 20} Appellant also argues that the findings and conclusions are inadequate because the doctrine of res judicata was applied. Appellant argues "none of [his] claims are barred by res judicata" because they are supported by evidence outside the record.
 {¶ 21} The doctrine of res judicata is defined as a "valid, final judgment rendered upon the merits [that] bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp.,73 Ohio St.3d 379, 1995-Ohio-331, syllabus. Therefore, res judicata applies to constitutional issues that have or could have been raised previously. See State v. Perry (1967), 10 Ohio St.2d 175, at paragraph seven of the syllabus. Res judicata is a proper basis for which to dismiss, without a hearing, a PCR petition. See id. at 179. As the applicability of res judicata is a question of law, this Court utilizes a de novo standard of review. See Ohio Bell Tel. Co. v. Pub. Util. Comm.
(1992), 64 Ohio St.3d 145, 147.
 {¶ 22} The presentation of competent, relevant, and material evidence outside the record may defeat the application of res judicata. See State v. Smith (1997), 125 Ohio App.3d 342, 348. However, to so qualify, the evidence outside the record must demonstrate that appellant could not have appealed the claim based upon information in the original trial record. State v. Lawson (1995), 103 Ohio App.3d 307, 315. In addition, if the evidence outside the record is "marginally significant and does not advance the petitioner's claim beyond a mere hypothesis and a desire for further discovery," res judicata still applies to the claim. Id.
 {¶ 23} In support of the contentions in his PCR petition, appellant provided the trial court with 57 exhibits, which included, supporting affidavits, documentary evidence, the indictment, journal entries and transcripts of the proceedings. We have carefully reviewed this evidence, the issues raised by the affidavits, and appellant's arguments with regard to this evidence. Consequently, we find that appellant's evidence outside the record has failed to meet his burden to show that the evidence is more than marginally significant or that it advances his claim beyond a mere hypothesis that the result would be different if this evidence had been submitted at trial. Res judicata applies to the claims and we therefore find that appellant's contentions fail. Consequently, the second assignment of error is overruled.
Assignment of Error No. 1
 {¶ 24} "The trial court erred in dismissing appellant's post-conviction petition where he presented sufficient operative facts to merit relief or, at bare minimum, to merit discovery, the funding for experts, and an evidentiary hearing."
 {¶ 25} The petitioner "bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate" a claim of constitutional error. State v. Kapper (1983),5 Ohio St.3d 36, 37-38, certiorari denied (1983), 464 U.S. 856,104 S.Ct. 174. A hearing is not automatically granted upon the filing of a PCR petition. See R.C. 2953.21; State v. Strutton (1988),62 Ohio App.3d 248, 251. Furthermore, before a hearing is warranted, the petitioner must demonstrate that the claimed errors resulted in prejudice. See Calhoun, 86 Ohio St.3d at 283.
 {¶ 26} To determine if a hearing is warranted, the trial court must conclude, upon consideration of "the petition, the supporting affidavits, the documentary evidence, the files, and the records * * * demonstrate that the petitioner has set forth sufficient operative facts to establish substantive grounds for relief." Calhoun, paragraph two of the syllabus; R.C. 2953.21(C). The decision of the trial court to deny a PCR petition without a hearing is reviewed for an abuse of discretion.State v. Watson (1998), 126 Ohio App.3d 316, 324, appeal dismissed,82 Ohio St.3d 1413. An abuse of discretion is more than an error of law or judgment because "it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 27} Appellant argues that his PCR petition presented sufficient operative facts supported by evidence outside the record and therefore it meets the required pleading standard and must not be summarily dismissed without an evidentiary hearing. Appellant's PCR petition contained 23 grounds for relief. Within the 23 grounds for relief there were six key contentions. First, appellant asserts that the state concealed impeachment evidence relating to the state's witness, Kathy Kerr, from the defense. Second, that trial counsel was ineffective in the trial, mitigation, and penalty phase of the trial. Third, that the state presented two different theories of the crime in the trials of appellant and co-defendant, Joy Hoop. Fourth, that the Ohio Death Penalty Statutes are unconstitutional. Fifth, that Ohio's PCR process does not provide an adequate corrective process. Sixth, that the cumulative effect of errors and omissions prejudiced appellant. In support of the contentions in his PCR petition, appellant provided the trial court with 57 exhibits, which included, supporting affidavits, documentary evidence, the indictment, journal entries and transcripts of the proceedings.
 {¶ 28} In appellant's first, second and sixth grounds for relief he argued that "Kerr was induced to testify against [appellant] with a purported grant of testimonial immunity," a state-paid hotel room, and reimbursement of her lost wages during the trial. As a result, appellant argues the prosecutor engaged in misconduct by concealing the impeachment evidence that could have used to reveal the bias of the state's witness.
 {¶ 29} However, the state did not grant, or attempt to grant any immunity to witness Kerr. See R.C. 2945.44. Kerr's belief that she would be reimbursed for lost wages has not been established as fact, and in any event, would not arise to the level of prosecutorial misconduct. Furthermore, providing a hotel room to Kerr would not be potential impeachment evidence of such magnitude or significance as to provide postconviction relief. Therefore, appellant has alleged no operative facts to indicate that the state concealed impeachment evidence relating to Kerr from the defense.
 {¶ 30} In appellant's fourth, seventh, eighth, tenth, eleventh, twelfth, thirteenth, fourteenth and fifteenth grounds for relief, he argued that his counsel was ineffective at the guilt, mitigation, and penalty phases of his trial. Appellant maintains his counsel ineffectively cross-examined state witnesses, failed to confront state witnesses, and failed to impeach witnesses. Appellant maintains that his counsel ineffectively failed to present expert psychological testimony, expert testimony regarding his history of alcohol and drug abuse, expert cultural mitigation evidence, and adequate family testimony. Appellant asserts that the trial court's ruling ignores the fact that his ineffective assistance of counsel claim is supported by evidence dehors the record, thereby making this claim immune from dismissal on the grounds of res judicata.
 {¶ 31} To establish a claim of ineffective assistance of counsel, appellant must show that counsel's actions were outside the wide range of professionally competent assistance and that he was prejudiced as a result of counsel's actions. Strickland v. Washington (1984), 466 U.S. 668,689, 104 S.Ct. 2052, 2065. A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound trial strategy and falls within the wide range of professional assistance. State v. Bradley (1989), 42 Ohio St.3d 136, 142, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. Therefore, before a hearing is granted, "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." State v. Jackson (1980),64 Ohio St.2d 107, syllabus. Only if the appellant demonstrates that there is a reasonable possibility that, but for the unprofessional errors, the result of the proceedings against him would have been more favorable, will a reviewing court find prejudice. Bradley, at paragraph three of the syllabus. Furthermore, the appellate court must not second-guess trial counsel's strategic decisions. State v. Carter,72 Ohio St.3d 545, 558, 1995-Ohio-104.
 {¶ 32} We find that there is no reasonable possibility that the result of the proceedings against appellant would have been more favorable given the overwhelming physical evidence. Therefore, appellant was not prejudiced by any of his counsel's alleged error. Consequently, appellant has alleged no operative facts to indicate that he received ineffective assistance of counsel.
 {¶ 33} Appellant argues in his third and fifth grounds for relief that the state presented two different theories of the crime in the trials of appellant and co-defendant, Joy Hoop. Appellant argues "the evidence adduced at Joy Hoop's trial coupled with the record in [appellant's] case lead to the inescapable conclusion that appellant is actually innocent of the crime for which he was sentenced to death."
 {¶ 34} However, the "State's presentation of varying theories in different cases involving individual defendants does not rise to the crest of violating basic tenets and consideration of due process." Statev. Cohen (Apr. 29, 1988), Lake App. No. 12-011, at *17. Therefore, we find nothing in the record that would lead us to conclude that the prosecutor engaged in any misconduct that deprived appellant of a fair trial. Also, there were no operative facts set forth to demonstrate that the presentation of a different theory of the crime in the trial of the co-defendant, Joy Hoop, prejudiced appellant.
 {¶ 35} In appellant's sixteenth and seventeenth grounds for relief he challenged Ohio's death penalty statutes on numerous constitutional grounds. However, each of appellant's arguments has been rejected in previous decisions and Ohio's death penalty has repeatedly been held constitutional. See, e.g., State v. McNeill, 83 Ohio St.3d 438, 453,1998-Ohio-293; State v. Gumm, 73 Ohio St.3d 413, 417, 1995-Ohio-24; Statev. Evans (1992), 63 Ohio St.3d 231, 253; State v. Mills (1992),62 Ohio St.3d 357; State v. Coleman (1989), 45 Ohio St.3d 298, 308; Statev. Poindexter (1988), 36 Ohio St.3d 1; State v. Zuern (1987),32 Ohio St.3d 56; State v. Buell (1986), 22 Ohio St.3d 124, 138; Statev. Jenkins (1984), 15 Ohio St.3d 164. Therefore, we summarily reject appellant's grounds for relief challenging the constitutionality of Ohio's death penalty statutes.
 {¶ 36} In appellant's ninth and eighteenth grounds for relief he argued that Ohio's PCR process does not provide an adequate corrective process. However, we can summarily reject this argument. The Ohio Supreme Court has held that the statutory procedure for postconviction relief constitutes "the best method of protecting constitutional rights of individuals and, at the same time, providing a more orderly method of hearing such matters." Freeman v. Maxwell (1965), 4 Ohio St.2d 4, 6.
 {¶ 37} Appellant states in his merit brief, "[a]ppellant, through counsel, abandons his twentieth, twenty-first, twenty-second, and twenty-third grounds for relief for the limited purpose of raising these errors in litigation under R.C. 2953.21." Consequently, we will not address appellant's twentieth, twenty-first, twenty-second, and twenty-third grounds for relief.
 {¶ 38} Appellant argues in his nineteenth ground for relief that he was prejudiced by the cumulative effect of errors and omissions. The Ohio Supreme Court has recognized the doctrine of cumulative error. Statev. Garner, 74 Ohio St.3d 49, 64, 1995-Ohio-168, certiorari denied (1996), 517 U.S. 1147, 116 S.Ct. 1444; State v. DeMarco (1987),31 Ohio St.3d 191, paragraph two of the syllabus. Pursuant to that doctrine, a conviction will be reversed if the cumulative effect of errors in the trial deprived the defendant of the constitutional right to a fair trial even though the instances of trial court error did not individually constitute cause for reversal. Garner, 74 Ohio St.3d at 64. Given our rulings rejecting appellant's other claims for relief, we find that the trial court properly dismissed the cumulative effect of errors claim for relief.
 {¶ 39} Upon our review of the record, we find that the evidence presented by appellant was insufficient to set forth operative facts establishing substantive grounds for relief that demonstrated a claim of constitutional error that resulted in prejudice to appellant. We have addressed all of appellant's claims for relief that were not abandoned. Consequently, the trial court's decision to deny appellant's PCR petition without a hearing was not unreasonable, arbitrary, or unconscionable. Therefore, the first assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.